[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case was "tried" to the court on stipulations entered into in early 1991. The court was writing its Memorandum of Decision on this trial when on August 20, 1991, our Supreme Court issued its decision in Aetna Casualty Surety Co. v. Jones, 220 Conn. 285. The court in that case in footnote 22 specifically did not decide "whether a judgment rendered on the basis of a criminal defendant's guilty plea could satisfy the requirement of full and fair litigation for the purpose of collateral estoppel."
As a result, this court prepared and issued its Interim Memorandum of Decision ("Interim Memo") dated January 15, 1992 ordering a hearing on February 7, 1992. Such hearing was held and the parties submitted certain court transcripts of the guilty plea, canvas and sentencing of one Armand Rouillard ("Rouillard") from the spring of 1985.
This court held one last hearing for final argument on the judgment question on March 5, 1992. At that hearing defendant abandoned its claims in regard to Rouillard's plea.
The last brief was received May 27, 1992.
Facts
The facts, as set out in the court's interim memo, still obtain. The conclusion that the facts stipulated to do not prove that Rouillard acted negligently seems to be admitted by plaintiffs. The issue they press is that this is an action on a judgment against the defendant insurance company's assured, Rouillard, in an action which defendant refused to defend.
The facts alleged in the underlying complaint are not and cannot be thought of as negligent behavior. They are intentional acts. The defendant has no duty to defend such acts. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285. CT Page 7014
All insurance policies are to be interpreted to coincide with the real intent of the parties. Gottesman v. Aetna Insurance Co., 177 Conn. 631, 634. No homeowners ever expected to have an insurance policy to cover the deliberate sexual assault of minors. Simses v. North American Co. for Life Health Insurance, 75 Conn. 77, 86. Such a contract of insurance would be contrary to the public policy of this state which is that "the law. . . attempts in every way possible to protect infants." Fedor v. Mauwehu Council, 21 Conn. Sup. 38,41.
This contract itself specifically excludes liability for any act ". . . a) which is expected or intended by the insured;" Exhibit A, Section II — Exclusion.
Duty to Defend
This policy like the policy in Aetna Casualty Surety Co. v. Murray, 145, Conn. 427 does not provide coverage for intentional acts. Id. 431.
Our system of pleading requires facts. Practice Book Sections 108 and 109. The facts alleged in the underlying complaint are of intentional acts. It is true that that complaint alleges the fanciful duties to warn, supervise and report. They are patent nonsense. No such duties exist in the world of negligence law in a situation like this. Allstate Insurance Company v. Mugareso, Ct. of App. N.Y. 4/20/92 N.E.2d. Plaintiff was not required to provide a defense in this situation. Id.
Breach of Cooperation Clause
Rouillard never notified this defendant "of the occurrence of any of the events which were the subject of the underlying suits." He did not send any of the suit papers to defendant. He never communicated to defendant anything about the actions against him. However, defendant did know of the actions and their allegations.
Defendant has pleaded as a special defense that its insured materially breached the provisions of the policy. In Section II — Conditions, paragraph 3 of that policy, the insured is required to:
 a. give written notice to [the insurer] or [its] agent as soon as practicable, which sets forth:
(1) the identify of the policy and CT Page 7015 insured;
 (2) reasonably available information on the time, place and circumstances of the accident or occurrence and;
 (3) names and addresses of any claimant, and available witnesses;
 b. forward to [the insurer] every notice, demand, summons or other process relating to the accident or occurrence;
 c. at [the insurer's] request, assist in:
(1) making settlement;
 (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any insured;
 (3) the conduct of suits and attend hearings and trials;
 (4) securing and giving evidence and obtaining the attendance of witnesses;
Section II, paragraph 6 of the policy in question entitled "Actions Against Us," further provides:
 No action shall be brought against [the insurer] unless there has been full compliance with the policy provisions.
The court finds that Rouillard failed to comply with each of these provisions of the insurance policy. The court cannot find that Rouillard ever acted in good faith in this matter.
Statutory Action
Connecticut General Statutes Sec. 38a-321 permits plaintiff's actions here if in the underlying action "the defendant . . . was insured against such loss. . . ." He was not. CT Page 7016
Judgment for defendant.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT