[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS LIBERTY MUTUAL INSURANCE COMPANY (#115), AND HANOVER INSURANCE COMPANY (#117)
The plaintiff, David McDermott Chevrolet, Inc. ("McDermott"), has filed the present action against the defendants, The Hanover Insurance Company ("Hanover") and The Liberty Mutual Insurance Company ("Liberty"), to recover payments and costs it incurred in defending a prior lawsuit. Counts I and III are directed against Hanover and allege a breach of Hanover's obligations pursuant to an insurance contract and violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. ("CUTPA"). Counts II and IV are directed against Liberty and allege a breach of Liberty's obligations pursuant to an insurance contract and violations of CUTPA. CT Page 10029
The prior lawsuit, which both Liberty and Hanover refused to defend, was a third party complaint brought by Katherine Mastrobattisto (Mastrobattisto) against McDermott. This third party complaint alleged that Mastrobattisto, on or about September 30, 1985, had leased a twenty nine foot recreational vehicle to McDermott for the use of McDermott as a temporary office and for the purpose of using the generator in the vehicle to provide power to run office equipment at McDermott's office; that an employee of McDermott, Anthony Fontana (Fontana), sustained personal injuries when he attempted to connect an electrical cord from the generator to McDermott's equipment; that Fontana had sued Mastrobattisto alleging that his injuries were caused by Mastrobattisto's negligence; that the rental agreement covering the vehicle contained a hold harmless agreement by which McDermott agreed to indemnify and hold Mastrobattisto harmless from and against any claims of injury to persons arising out of the use of the vehicle; and that in accordance with the terms of the rental agreement, McDermott is liable to Mastrobattisto for all claims which Fontana may have against her. By way of relief on the third party complaint, Mastrobattisto was seeking indemnification for any judgment that may be obtained against her by Fontana in the negligence suit, and reimbursement for all costs and attorney's fees incurred in defending that suit.
McDermott made demand on both Hanover and Liberty to defend the third party complaint. Liberty did appear through counsel briefly on behalf of McDermott but withdrew that appearance six weeks later when personal counsel appeared on behalf of McDermott. Eventually the negligence action brought by Fontana, and presumably the third party action filed by Mastrobattisto against McDermott, was settled when McDermott personally paid Fontana the sum of $5,000.
McDermott now alleges in the instant case that, in the prior action, Hanover neglected and refused to defend the third party complaint or assume any responsibility as required by the terms of a garage policy of insurance issued by Hanover to McDermott, which was in effect at the relevant time. Similarly, McDermott alleges that Liberty neglected and refused to defend the third party complaint or assume any responsibility as required by the terms of a workers' compensation and employee's liability insurance policy issued by Liberty to McDermott, also in effect at the relevant time. McDermott is seeking recovery against both Hanover and Liberty for money paid to Fontana, as well as all costs and legal CT Page 10030 expenses which were incurred in the defense of the third party complaint.
Before the court at this time are motions for summary judgment filed by Liberty (#115) and Hanover (#117), each alleging that it had no duty as a matter of law to indemnify and defend the claim made by Mastrobattisto in the third party complaint because that claim was excluded by each contract of insurance, and that there is no genuine issue of material fact in that regard. The parties have all filed appropriate memoranda of law, copies of the pertinent portions of the insurance contracts, the lease agreement covering the recreational vehicle, the third party complaint and some pleadings in that case, and affidavits from representatives of Hanover, Liberty and McDermott.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984).
"[I]f no material facts are in dispute, and if the court finds a policy exclusion to be clear and unambiguous, the question of whether actions of an insured fit within that exclusion remains a question of law which may be decided by the court in ruling upon a motion for summary judgment." Jurrius v. Maccabees Mut. Life Ins. Co., 587 F. Sup. 1301, 1305 (D. Conn. 1984).
Liberty and Hanover both claim that a particular provision of their respective policies excludes coverage for the claims alleged in the third party complaint. An "exclusion" in an insurance policy refers to "`subject matter or circumstances in which the insurance company will not assume liability for a specific risk or hazard that otherwise would be included within the general scope of the policy.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,589, 573 A.2d 699 (1990), quoting Ideal Mutual Ins. Co. v. Lucas, 593 F. Sup. 466, 468 (N.D. Ga. 1983). "`It is apparent then, that before the need for an exclusion arises, there must first be coverage within the defined scope of the policy,'" Id. quoting McMahon v. Boston Old Colony Ins. Co., 67 App.Div.2d 757,758, 412 N.Y.S.2d 465 (1979). CT Page 10031
"It is the function of the court to construe the provisions of the contract of insurance." Gottesman v. Aetna Ins. Co., 177 Conn. 631,634, 418 A.2d 944 (1979). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 702,569 A.2d 1131 (1990); see also Hammer v. Lumberman's Mutual Casualty Co., supra, 583. "If the words in the policy `are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties.'" Hammer v. Lumberman's Mutual Casualty Co., supra, 583, quoting Plainville v. Travelers Indemnity Co., 178 Conn. 664, 675, 425 A.2d 131 (1979).
According to McDermott, Liberty and Hanover were required to both indemnify and defend the said action against it. However, "[t]he duty to defend has a broader aspect then the duty to indemnify and does not depend on whether the injured party will prevail against the insured." Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104, 110, 230 A.2d 21
(1967).
 The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage. If the latter situation prevails, the policy requires the insurer to defend, irrespective of the insured's ultimate liability. Grand Union Co. v. General Accident, Fire Life Assurance Corporation, 254 App.Div. 274, 280, 4 N.Y.S.2d 704, aff'd, 279 N.Y. 638, 18 N.E.2d 38; Socony-Vacuum Oil Co. v. Continental Casualty Co., 144 Ohio St. 382, 392, 59 N.E.2d 199. It necessarily follows that the insurer's duty to defend is measured by the allegations of the complaint. 8 Applemann, Insurance Law Practice, 4683. Hence, if CT Page 10032 the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend. Leonard v. Maryland Casualty Co., 158 Kan. 263, 267, 146 P.2d 378; Springfield Township v. Indemnity Ins. Co., 361 Pa. 461, 464, 64 A.2d 761. On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend. Fessenden School, Inc. v. American Mutual Liability Ins. Co., 289 Mass. 124, 130, 193 N.E. 558.
Smedley Co. v. Employers Mutual Liability Ins. Co., 143 Conn. 510,516-17, 123 A.2d 755 (1956).
Furthermore, "`[i]t is axiomatic that no insurer is bound to provide indemnification or defense beyond the scope of the coverage described in the insurance contract, the policy.'" St. Paul Fire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 381, 577 A.2d 1093
(1990), quoting Plasticrete Corporation v. American Policyholders Ins. Co., 184 Conn. 231, 235-36, 439 A.2d 968 (1981).
The particular provisions of the two insurance policies which Liberty and Hanover each claim exclude coverage are not the same, and in addition, McDermott's claims as to each insurance company vary to some extent.
Liberty's Motion
The basic claim of Liberty is that any liability of McDermott as alleged in the third party complaint arises out of an assumption of such liability under the rental contract for the recreational vehicle, and that such a liability is expressly excluded by the insurance policy.
Part Two of the Liberty policy, entitled "Employers Liability Insurance," provides in subsection B as follows:
B. We Will Pay
 We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance. CT Page 10033
 The damages we will pay, where recovery is permitted by law, include damages:
 1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
Part Two of the policy also contains the following provisions, which are relied upon by Liberty in the present motion:
C. Exclusions
This insurance does not cover:
1. liability assumed under a contract. . . .
D. We Will Defend. . .
 We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.
According to Liberty, the claim against McDermott in the third party complaint was totally based on McDermott's voluntary assumption of liability to Mastrobattisto by way of the following language in the rental contract between McDermott and Mastrobattisto: "Lessee [McDermott] acknowledges his responsibility as an insurer . . . Lessee further agrees to indemnify and hold harmless the Lessor [Mastrobattisto] from, and against any and all claims for loss of or damage to property or injury to persons (including death) resulting through the use, operation or possession of said equipment." This, Liberty argues that it had no duty as a matter of law to indemnify and defend a claim which was specifically excluded by the policy of insurance with McDermott.
McDermott argues that Liberty had a duty to defend it because Liberty briefly appeared on McDermott's behalf in the Mastrobattisto lawsuit. McDermott further argues that the lease with Mastrobattisto was entered into by someone without the authority to do so on its behalf. McDermott does not address the grounds alleged in Liberty's motion.
There is no question but that the claim alleged by Mastrobattisto in the third party complaint was premised on the CT Page 10034 contractual liability of McDermott to Mastrobattisto. Such a claim is specifically excluded from coverage under the specific policy exclusion contained in Part Two, Section (C)(1) of Liberty's policy. Since the claim was excluded from coverage, Liberty had no duty to defend the prior action pursuant to Part Two, Section D of the policy.
McDermott argues, however, that a question of fact exists as to the authority of the individual who signed the lease agreement with Mastrobattisto on behalf of McDermott. While it is clear that the issue of apparent authority is one of fact, see Edart Truck Rental Corporation v. Swirsky Co., 23 Conn. App. 137, 140,579 A.2d 133 (1990), in the present case the issue of authority would be relevant only to McDermott's liability in the third party action. It is not relevant in the context of whether Liberty had a duty to indemnify and defend the prior action.
McDermott further argues that inasmuch as Liberty filed an appearance on behalf of McDermott in the prior action, which appearance was subsequently withdrawn, it knew it had a duty to defend McDermott. In the absence of any authority to support this claim, it is the opinion of the court that Liberty's obligation to defend depended not on whether it filed an initial appearance, but on "whether [the injured party] has, in his complaint, stated facts which bring the injury within coverage." Smedley v. Employers Mutual Liability Ins. Co., supra, 516. The exclusion in Liberty's policy is clear and unambiguous, there is no genuine issue of material fact with respect to the fact that the claim alleged in the third party complaint was excluded from coverage, and, therefore, Liberty was under no duty to defend or indemnify McDermott in the prior action.
Accordingly, for the reasons stated, Liberty's motion for summary judgment (#115) is granted.
Hanover's Motion
The claim of Hanover is that the claim asserted against McDermott in the third party complaint arises out of a bodily injury sustained by an employee of McDermott, Fontana, while in the course of his employment; that this type of claim is specifically excluded by the Hanover insurance policy; that there is no genuine issue of material fact; and that it is therefore entitled to judgment as a matter of law. CT Page 10035
The only factual issue mentioned by McDermott in it's brief is the claim that the person who signed the rental contract did so without authority. This is not relevant in passing upon this motion.
Hanover argues that according to the exclusion section of the garage liability policy between Hanover and McDermott in effect at the relevant time, Hanover had no duty to defend or indemnify McDermott against Mastrobattisto's third party action.
The Hanover Policy provides in Part IV, entitled "Liability Insurance" as follows:
A. WE WILL PAY
 1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations.
 2. We have the right and duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy.
 3. We may investigate and settle any claim or suit as we consider appropriate. Our payment of the LIABILITY INSURANCE limit ends our duty to defend and settle.
(Emphasis in original.)
The policy also contains the following language, which is relied upon by Hanover in its motion for summary judgment:
C. WE WILL NOT COVER — EXCLUSIONS
This insurance does not apply to: . . .
 3. Any obligation of the insured to indemnify another for damages resulting from bodily injury to the insureds' employee
4. Bodily injury to any employee of the CT Page 10036 insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits.
(Emphasis in original.)
According to Hanover, it had no duty to indemnify or the third party action, inasmuch as it was based on a bodily injury claim of an employee of the insured arising out of and in the course of his employment. A review of the third party complaint in the prior action shows that it was a claim by Mastrobattisto seeking indemnity for damages which resulted from bodily injury to Fontana, an employee of McDermott, and clearly was excluded from coverage under sections C(3) and C(4) of the policy. Inasmuch as the third party complaint did not state a claim for a loss which would be covered by the policy, Hanover had no duty to indemnify defend that action. See Smedley v. Employers Mutual Co., supra, 516-17.
For the foregoing reasons, Hanover's motion for judgment (#117) is granted.
William L. Hadden, Jr., Judge