[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#108), ANDDEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#111)
On March 25, 1993, the plaintiff, Phillip W. Genovese and Associates, Inc., filed a two count complaint against the defendant, Twin City Fire Insurance Company. The plaintiff alleges that the defendant "neglected and refused to pay" the plaintiff's fire insurance claim, and that the defendant's refusal to pay the claim was done "without reasonable cause and constituted a breach of the defendant's implied covenant of good faith." CT Page 5294
On July 12, 1993, the defendant filed an answer and special defense. The defendant admitted the following facts: that the plaintiff was insured for fire loss in a policy issued by the defendant; that the plaintiff sustained a loss, the plaintiff gave the defendant proper notice of its claim; that some of the loss was covered by the plaintiff's policy; and that the defendant refused to pay the plaintiff's claim for debris removal. The defendant denied all other allegations, and pleaded, by way of special defense, that the insurance policy issued by the defendant is subject to policy limits, deductible provisions, exclusions, and other limitations contained therein, which special defense has been denied by the plaintiff.
Each party has filed a motion for summary judgment with a supporting memorandum, an affidavit, and exhibits. Each claim that there is no genuine issue of material fact, that the provisions of the insurance policy are clear and unambiguous and, therefore, each party claims that this matter should be resolved by way of a summary judgment. The plaintiff claims that as a matter of law the insurance policy should be interpreted as he claims and that a summary judgment as to liability should enter in his favor, while the defendant claims that as a matter of law the policy should be interpreted as it claims and that summary judgment should enter in favor of the defendant.
The court agrees that the pleadings, affidavits and exhibits establish that there is no genuine issue as to any material fact, that the matter involves the interpretation of certain provisions of the insurance policy, and that one of the moving parties is entitled to judgment as a matter of law.
"`A contract is to be construed as a whole and all relevant provisions will be considered together.'" Barnard v. Barnard,214 Conn. 99, 109, 570 A.2d 690 (1990), quoting Lar-Rob Bus Corporationv. Fairfield, 170 Conn. 397, 407, 365 A.2d 1086 (1976). See also,Hatcho Corporation v. Della Pietra, 195 Conn. 18, 23, 485 A.2d 1285
(1985). "It is the function of the court to construe the provisions of the contract of insurance." Gottesman v. Aetna Ins.Co., 177 Conn. 631, 634, 418 A.2d 944 (1979). "`An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy.'" Stephan v. Pennsylvania General Ins.,224 Conn. 758, 763, 621 A.2d 258 (1993), quoting Schultz v. HartfordFire Ins. Co., 213 Conn. 696, 702, 569 A.2d 1131 (1990). The CT Page 5295 policy words must be given their natural and ordinary meaning.Hammer v. Lumbermen's Mutual Casualty Co., supra, 583.
 If the words are plain and unambiguous, they must be given their ordinary and natural meaning, and we do not force, ignore or distort provisions so as to give them a different meaning from how they were evidently intended by the parties. * * * We will not torture language to find an ambiguity that the ordinary meaning does not disclose however, and simply because the parties contend for different meanings does not necessitate a conclusion that the language is ambiguous.
(Citations omitted; internal quotation marks omitted.) Aetna Life Casualty Co. v. Bulaong, 218 Conn. 51, 60 (1991).
"Under well established rules of construction, any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy."Stephan v. Pennsylvania General Ins., supra, citing Streitweiser v.Middlesex Mutual Assurance Co., 219 Conn. 371, 375 593 A.2d 498
(1991); see also Beach v. Middlesex Mutual Assurance Co., 205 Conn. 246,250, 532 A.2d 1297 (1987). "This rule of construction may not be applied, however, unless the policy terms are indeed ambiguous." Id., citing Kelley v. Figuieredo, supra, 37. "Moreover, the mere fact that the parties advance different interpretations of the language in question `does not necessitate a conclusion that the language is ambiguous.'" Stephen v. Pennsylvania General Ins., supra (1993); see also Aetna Life Casualty Co. v. Bulaong, supra.
The undisputed facts are as follows. The defendant issued a fire insurance policy to the plaintiff which was in effect on March 30, 1991 when the plaintiff sustained a loss at its business premises which was covered by the policy. The plaintiff filed a claim in accordance with the terms of the policy and has been paid $69,600.00 under the coverage for direct physical damage to Business Personal Property. The defendant has also paid the plaintiff an additional $5,000.00 under the coverage for debris removal. The dispute between the parties arises out of the interpretation to be put on the provisions of the policy concerning debris removal. The plaintiff claims that the debris removal CT Page 5296 provisions of the policy entitle it to receive for debris removal an amount equal to 25% of the amount paid for the direct physical loss. Since the payment for direct physical loss was $69,600.00 the plaintiff claims that it also should be paid 25% of that figure, or $17,600.00 for the costs of debris removal, rather than the $5,000.00 which has been paid. The defendant claims that the policy provisions concerning coverage for debris removal are clear and unambiguous and that the plaintiff is entitled to only the $5,000.00 which has been paid for debris removal.
The plaintiff is seeking a partial summary judgment holding in effect that the amount to be paid for debris removal is 25% of $69,600.00. The defendant is seeking a summary judgment in its favor on the complaint.
The portions of the policy filed by both parties and which are relevant to the issue in this case are as follows:
 Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered . . .
 A. COVERAGE
 We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
1. Covered Property
 Covered Property, as used in this coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations:
a. Building, . . .
 b. Your Business Personal Property located in or on the building described in the Declarations on in the open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property — Separation of Coverage form: . . . CT Page 5297
4. Additional Coverages
a. Debris Removal
 (1) We will pay your expense to remove debris of Covered Property caused by or resulting from a Covered Cause of Loss that occurs during the policy period. . . .
 (2) The most we will pay under this Additional Coverage is 25% of:
 (a) The amount we for the direct physical loss of or damage to Covered Property; plus
 (b) The deductible in this policy applicable to that loss or damage. But this limitation does not apply to any additional debris removal limit provided in the Limits of Insurance section. . . .
 C. LIMITS OF INSURANCE
 The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations. . . .
 Payments under the following Additional Coverages will not increase the applicable Limit of Insurance:
1. Preservation of Property; or
2. Debris Removal; but if:
 a. The sum of direct physical loss or damage and debris removal expense exceeds the Limit of Insurance; or
 b. The debris removal expense exceeds the amount payable under the 25% limitation in the Debris Removal Additional Coverage;
we will pay up to an additional $5,000 for each CT Page 5298 location in any one occurrence under the Debris Removal Additional Coverage . . .
The Business Personal Property — Separation of Coverage form, above referred to in Section A1b of the policy, is attached to the policy and shows that the limit of insurance for business personal property is $69,600.00.
The position of the plaintiff is that the provisions of the policy are clear and unambiguous and demonstrate that it is entitled to be paid 25% of $69,600.00 for the costs of debris removal. The plaintiff points to the language of the debris removal section which states that the defendant will pay "your expense to remove debris of covered property . . . The most we will pay . . . is 25% of: (a) the amount we pay for the direct physical loss. . . ." This portion of the policy is clear and unambiguous and if that were the only reference to coverage for debris removal then the plaintiff's motion would be granted. However, there is a further provision of the policy which appears to be relevant to the issue before the court.
The defendant points to the language of the policy under the section entitled Limits of Insurance, which is set forth above, in support of its position that the coverage for the debris removal is limited to $5,000.00. In its memorandum the plaintiff makes no reference whatsoever to the Limits of Insurance portion of the policy even though one is specifically directed to it by the very section of the policy that the plaintiff relies on in support of its position.
The defendant argues that the policy should be read, in its entirety, in order to determine whether the amount of coverage for debris removal is limited by the "Limits of Insurance" section, and that that section makes it clear that payment for debris removal will not increase the applicable limit of insurance under the coverage. The defendant further claims that the applicable limit is $69,600.00, unless, the claim for debris removal satisfies one of the exceptions contained in paragraphs 2(a) or 2(b), of the "Limits of Insurance" section. The defendant contends that the insured's claim does fall within the scope of one of the exceptions, and that the maximum that will be paid for debris removal, above the limit of insurance as shown in the Declarations ($69,600), is an additional $5,000. It is uncontroverted that the defendant has paid the plaintiff an additional $5,000 for debris removal. CT Page 5299
Construing the insurance policy as a whole, it is clear that the "Limits of Insurance" section and the "Debris Removal" clause, read together, are unambiguous. The policy sets forth a limit of the plaintiff's coverage to a maximum amount, stated in the Declarations, of $69,600. The policy then provides that $5,000 additional coverage would be available for the plaintiff, if its loss or damage together with the debris removal expense, exceeded $69,600. The defendant has paid the plaintiff the additional $5,000 for debris removal, as provided by the "Limits of Insurance" section, along with the requisite $69,600 to which it was entitled.
There being no genuine issue as to any material fact, the court finds, as a matter of law, that the insurance policy should be interpreted as claimed by the defendant and not as claimed by the plaintiff. The plaintiff's motion for summary judgment (#108) is denied. The defendant's motion for summary judgment (#111) is granted.
William L. Hadden, Jr. Judge