[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This action arises out of a claim for property damage allegedly suffered by the plaintiff on December 29, 1993 to a house owned by the plaintiff and located at 36 Strawberry Hill in Windsor, Connecticut. The defendant has moved for summary judgment on the grounds that the policy it issued to the plaintiff for the property located at 36 Strawberry Hill in Windsor does not provide any coverage for the property damage at issue.
Based on the affidavits and other admissible evidence presented by the parties the court finds the following. The defendant, Hartford Underwriters Insurance Group ("Hartford"), issued a homeowners policy to the plaintiff, Michael Sponzo ("Sponzo"). That policy had an inception date of February 11, 1993 and was to run for a period of one year. The residence premises covered by the policy was 36 Strawberry Hill, Windsor, Connecticut. Sometime during 1993 the plaintiff changed his residence from 36 Strawberry Hill to 71 Strawberry Hill, and informed his broker, Associated Insurance Consultants ("AIC"), of the change. At all times relevant to this action the plaintiff dealt with the Hartford through AIC. AIC sent to the Hartford a Personal Policy Change Request dated July 20, 1993, which requested that the insured premises under the aforementioned policy be corrected to read 71 Strawberry Hill. An agent of AIC CT Page 2086 later informed the Hartford that the reason for the change to the policy was due to a change in the number of the house from lot number to house number. Based on that request, the Hartford issued an endorsement revising the, residence premises under the policy to read 71 Strawberry Hill.
The plaintiff changed his residence from 36 Strawberry Hill to 71 Strawberry Hill sometime in July, 1993. Thereafter, the plaintiff rented 36 Strawberry Hill to a third party.
On December 29, 1993, a pipe burst causing damage to 36 Strawberry Hill. Thereafter the plaintiff made a claim for the damage caused by the burst pipe under the aforementioned policy. The Hartford denied the plaintiff's claim for the reason that the policy did not provide coverage for the property at 36 Strawberry Hill at the time of the loss.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978). Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
The Hartford has argued that the policy did not cover the loss at 36 Strawberry Hill because 1) the policy covered a different premises, 71 Strawberry Hill, at the time of the loss CT Page 2087 and 2) even if the policy did still insure 36 Strawberry Hill, there was no coverage under the policy because coverage for property loss (as opposed to liability coverage) was limited to the residence of the insured, and the insured has admitted that 36 Strawberry Hill was not his residence.
Summary judgment cannot enter under the first ground advanced by the Hartford. At the least, there is an issue of fact as to the identity of the premises to which the policy applied at the time of the loss. Based on the documents presented by the Hartford, it appears most likely that at the time of the loss the policy still covered 36 Strawberry Hill, which the Hartford believed had been redesignated, presumably by the relevant municipal authorities, as 71 Strawberry Hill. Hartford's argument under the first ground is premised on the assumption that at the time of the loss, the policy covered 71 Strawberry Hill, which was a property completely different from 36 Strawberry Hill. Such an assumption does not appear to be valid because the Hartford has admitted that it believed it had merely made an address change on an existing risk. Moreover, prior to issuing the aforementioned endorsement the Hartford did not receive any description of the premises which was actually located at 71 Strawberry Hill or any other new property, not did it receive any additional premium.
The court finds that even if the policy insured 36 Strawberry Hill at the time of the loss, there was no coverage for property damage to that premises at that time because that property was no longer the plaintiffs residence.
Under "Property Coverages" the policy in question provided that it covered "the dwelling on the residence premises shown in the Declarations, including structures attached to the dwelling." The Declarations identified the "Residence Premises" as 36 Strawberry Hill. The policy defined "residence premises" as "a. the one family dwelling, other structures, and grounds; or b. that part of any other building; where you reside and which is shown as the residence premises in the Declarations."
An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. Izzo v.Colonial Penn Ins. Co., 203 Conn. 305, 309, 524 A.2d 641 (1987);Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 512-13, CT Page 2088442 A.2d 920 (1982); Gottesman v. Aetna Ins. Co., 177 Conn. 631, 634,418 A.2d 944 (1979). If the "insurance coverage is defined in terms that are ambiguous, such ambiguity is, in accordance with standard rules of construction, resolved against the insurance company. `Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted.'LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256,268 A.2d 663 (1970); see also Griswold v. Union Labor Life Ins. Co.,
[supra]; Simses v. North America Co. for Life Health Ins.,175 Conn. 77, 84-85, 394 A.2d 710 (1978)." Beach v. Middlesex MutualAssurance Co., 205 Conn. 246, 250, 532 A.2d 1297 (1987). If, however, the words in the policy "are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties." Plainville v.Travelers Indemnity Co., 178 Conn. 664, 675, 425 A.2d 131 (1979).
The policy in question clearly and unambiguously provides coverage only for premises where the insured resides. The plaintiff has admitted that he moved out of 36 Strawberry Hill in July, 1993. On the date of the loss, December 29, 1993, the plaintiff was renting the property to a third party. Even if no coverage change had been requested by AIC, as soon as 36 Strawberry Hill ceased to be the residence of the Plaintiff, coverage was no longer afforded for property damage loss under the policy in question.
The Second Count of the complaint sets forth a claim for bad faith. The mere failure of an insurance company to pay a questionable claim is not enough to establish an action under a theory of bad faith. In order to establish bad faith there must be evidence that the Hartford acted with a dishonest purpose, moral obliquity, furtive design or ill will. Buckman v. PeopleExpress, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987). Failure to pay a claim which it was not obligated to pay under the terms of the policy is clearly not bad faith.
For the foregoing reasons the Motion for Summary Judgment is granted. By the court,
AURIGEMMA, J. CT Page 2089