St. Paul Fire and Marine Insurance Company
*v.* Robert Shernow
(8623)

Spallone, Daly and Norcott, Js.

Argued May 3—decision released July 17, 1990

*Kenneth J. McDonnell,* for the appellant (plaintiff).

*Charles E. Oman III,* with whom was *Sherman Tonkonow,* for the appellees (named defendant et al.).

NORCOTT, J. The plaintiff insurer appeals from the trial court's dismissal of its complaint seeking a declaratory judgment that the defendant insured is not entitled to indemnification for the damages awarded to the intervening defendant, Mary Lou Sciola, the plaintiff in an underlying civil action. The facts relating to the underlying action for assault and battery and for medical malpractice are fully set forth in *Sciola* v. *Shernow,* 22 Conn. App. 351, 577 A.2d 1081 (1990).

The defendant held an insurance policy issued by the plaintiff. The policy contained the following relevant provisions. "Insuring Agreement 42—Dentists Professional Liability Protection" provides "protection against professional liability claims which might be brought against [Shernow] in [his] professional practice as a dentist." The coverage is for "damages resulting from: 1. [Shernow's] providing or withholding of professional services, while this agreement is in effect." There are no specific exclusions in this section and the coverage limits are $100,000 per injured person with a total limit of $300,000 per policy year. "Insuring Agreement 51—Office Liability Protection" provides coverage for damages Shernow is "legally responsible for because of bodily injury, personal injury or damage to other people's property caused by an accidental event." An "accidental event" must be something Shernow "didn't expect or intend to happen." There is an exclusion for "any personal injury that results when [Shernow] knowingly break[s] any law." There is also an exclusion for "injury or damage caused by

the providing or withholding of any professional service." The limit of coverage under Insuring Agreement 51 is $1,000,000 for all injuries and damages that result from all accidental events that occur in one policy year.

Pursuant to this policy, the plaintiff insurer defended the defendant in the civil lawsuit, with a reservation of its rights on the question of indemnity. The jury found for Sciola on both counts, awarding her $400,000 in damages. The defendant moved to set aside the verdict and for a new trial. The trial court, *Hon. James T. Healey,* state trial referee, ordered the verdict to be set aside and a new trial granted unless Sciola filed a remittitur within fifteen days. Sciola did not file the remittitur and filed her appeal from the trial court's order. That appeal was the subject of *Sciola* v. *Shernow,* supra.

The plaintiff insurer then instituted this declaratory judgment action seeking a declaration that the defendant is not entitled to indemnification under its policy for any part of the damages awarded to Sciola. The trial court, *Langenbach, J.,* dismissed the declaratory judgment action based on its conclusions that (1) the action was premature because the civil action was on appeal, and (2) it was impossible to determine from the jury verdict whether the defendant intended to cause the injury that resulted to Sciola. From this ruling, the plaintiff insurer appeals.

The plaintiff insurer claims that the trial court should not have dismissed its complaint and refused to decide the issue presented in the declaratory judgment action. It argues, first, that the action was not premature and, second, that the issue could have been resolved based upon the jury verdict. We agree.

The plaintiff contends that the declaratory judgment action was not premature because, regardless of the outcome of the Sciola appeal, the question of indem-

nity must be answered. This issue has now been rendered moot by our recent decision in *Sciola* v. *Shernow,* supra, in which we reinstated the jury verdict, and clearly now, the issue of prematurity does not exist. Nonetheless, the trial court's conclusion that the plaintiff's action was premature during the pendency of the appeal warrants discussion.

There is no question that a declaratory judgment action is a suitable vehicle to test the rights and liabilities under an insurance policy. See *Shelby Mutual Ins. Co.* v. *Williams,* 152 Conn. 178, 179, 205 A.2d 372 (1964). The issue presented here is whether the *timing* of this action affected its propriety. We conclude that it did not.

The plaintiff filed its action for declaratory relief after a full trial had been held on the underlying civil action. Sciola, in the underlying action, presented evidence to support her claims of assault and battery and malpractice, and the jury returned a verdict in her favor on both counts. The fact that the trial court ordered Sciola to file a remittitur or face a new trial does not affect the plaintiff insurer's right to know whether it must indemnify the defendant.

Judge Healey's ruling was based upon his conclusion that the jury award of damages was "so large as to be ridiculous," and not upon any concern towards the issue of liability. It is clear from the allegations in Sciola's complaint, as well as from the evidence presented to support those allegations, just what acts she claimed the defendant had performed. The only question that the plaintiff insurer requested the trial court to address was whether those acts fell within the defendant's policy, thereby obligating it to indemnify the defendant from any judgment rendered against him.

"The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a sub-

stantial question in dispute or a substantial uncertainty of legal relations between the parties." *Connecticut Assn. of Health Care Facilities, Inc.* v. *Worrell,* 199 Conn. 609, 613, 508 A.2d 743 (1986); see also *Doubleval Corporation* v. *Toffolon,* 195 Conn. 384, 391–92, 488 A.2d 444 (1985). "It is axiomatic that no insurer is bound to provide indemnification or defense beyond the scope of the coverage described in the insurance contract, the policy." *Plasticrete Corporation* v. *American Policyholders Ins. Co.,* 184 Conn. 231, 235–36, 439 A.2d 968 (1981). The plaintiff insurer sought to have the trial court make a determination that fulfilled the purpose of a declaratory judgment. It requested only that the trial court decide the issue of whether these claims made by Sciola fell under the coverage provided by the defendant's policy. We, therefore, disagree with the trial court's conclusion that it could not address this issue because it was premature.

Having concluded that the trial court should have addressed the question of indemnity presented in the defendant's declaratory judgment action, we now consider the plaintiff's second claim. The plaintiff also claims that the trial court should not have concluded that it was impossible to determine from the jury verdict whether the defendant intended to cause injury to Sciola, and that it, therefore, could not conclude whether the defendant was entitled to indemnity. Our review of the record reveals that the trial court's conclusion was clearly erroneous. Practice Book § 4061; *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 256–57, 524 A.2d 610 (1987).

In the underlying civil action, Sciola alleged in count one of her complaint "that the defendant, in the discharge of his duties did assault and batter [her] by making unconsented sexual contact with her," and that the defendant later admitted the assault and battery. In count two of her complaint, she alleged that the defend-

ant negligently failed to "render those professional services with the requisite standard of care and practice." Sciola further alleged that she sustained injuries as a result of these actions. A full trial was held on these claims, and the jury returned a verdict in Sciola's favor on both counts.

The issue of indemnification was not presented or in any way addressed in the underlying action, and the only way that the determination of the rights of the insurer and the defendant can be made is through a declaratory judgment. Compare *Halpern* v. *Board of Education,* 196 Conn. 647, 654–55, 495 A.2d 264 (1985) (where declaratory judgment action was dismissed because the same underlying rights were to be adjudicated in the other pending action). As noted above, a declaratory judgment action is a suitable, and here the only appropriate, vehicle to test the rights and liabilities under an insurance policy. *Shelby Mutual Ins. Co.* v. *Williams,* supra.

The trial court must construe an insurance policy, like any other contract, in a reasonable way, giving the words their common, ordinary and customary meaning. *Gottesman* v. *Aetna Ins. Co.,* 177 Conn. 631, 634, 418 A.2d 944 (1979). In a case involving the question of indemnity, the court must determine whether the coverage in question in fact exists. Id., 636–37; see also *Izzo* v. *Colonial Penn Ins. Co.,* 203 Conn. 305, 309, 524 A.2d 641 (1987). The trial court concluded that the absence of a special verdict in which the jury stated its determination as to whether the defendant intended to cause injury to Sciola and the ambiguity in the special interrogatories that were asked made it impossible to decide this issue.[1] We disagree. The trial court

---

[1] The trial court also based its conclusion that it was impossible to decide the issue of indemnity on the fact that the trial court, *Hon. James T. Healey, J.,* state trial referee, found his own jury instructions to contain plain error. The error that the court noted, however, related only to his

had before it sufficient facts from which it could determine whether the defendant's actions were covered by his insurance policy. It is clear from both Sciola's complaint and the evidence that she presented at trial what her claims were. It is also clear that the jury found in her favor.

The jury returned a general verdict for Sciola while answering affirmatively the special interrogatories that it was directed to answer. "[A] general verdict for one party raises a presumption that the jury found every issue in favor of ' "the prevailing party." ' *Alfano* v. *Insurance Center of Torrington,* 203 Conn. 607, 613, 525 A.2d 1338 (1987)." *Holbrook* v. *Casazza,* 204 Conn. 336, 345, 528 A.2d 774 (1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 699, 98 L. Ed. 2d 651 (1988). Furthermore, the special interrogatories directed to the jury were straightforward and unambiguous. The following special interrogatories were submitted to the jury: "(1) Did the Defendant, Robert Shernow, D.D.S., injure the Plaintiff by making unconsented sexual contact with her, as alleged in the First Count of the Complaint? . . . (2) What is the amount of damage proximately caused by the Defendant's conduct as alleged in the First Count of the Complaint, if any? (3) Did the Defendant, Robert Shernow, D.D.S., breach the standard of care in providing professional treatment to the [plaintiff] Mary Lou Sciola, as alleged in the Second Count of Plaintiff's Complaint? . . . (4) Although we, the jury, find that Robert Shernow breached the standard of care in providing professional treatment to Mary Lou Sciola, we do/do not find that the Plaintiff, Mary Lou Sciola, suffered damage proximately caused by this breach of the applicable standard of care. . . . (5) What damages do you find the Plaintiff suffered as

instructions on damages, and had nothing to do with the issue of liability. This fact, therefore, would have no bearing on the determination of whether the defendant's actions are covered under his insurance policy.

alleged in Count Two of Plaintiff's complaint?" The jury answered interrogatories numbers one, three and four affirmatively and found under numbers two and four that the plaintiff suffered $400,000 damages under count one and $300,000 under count two.

Even if any ambiguity could be found in these interrogatories, the general verdict rule would create the presumption in favor of Sciola. See *Holbrook* v. *Casazza,* supra. Moreover, if the court finds any ambiguity relating the indemnity question, such ambiguity should be construed against the insurer. *Izzo* v. *Colonial Penn Ins. Co.,* supra; see also *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 513, 123 A.2d 755 (1956); *Lyon* v. *Aetna Casualty & Surety Co.,* 140 Conn. 304, 307, 99 A.2d 141 (1953).

The judgment is reversed and the case is remanded to the trial court with direction to decide the issue of indemnity.

In this opinion the other judges concurred.