[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DECLARATORY JUDGMENT
No appearance for plaintiff.
Faulkner Boyce for defendant.
ISSUE
Whether the court should enter a declaratory judgment that the plaintiff is entitled to $200,000.00 worth of uninsured motorist coverage under his automobile insurance policy.
FACTS
CT Page 7856
By amended complaint filed November 22, 1993, the plaintiff, David P. Colby brought a two-count negligence action against the defendants, Christine L. Kombouzis ("Kombouzis") and Metropolitan Property and Casualty Insurance Company ("Metropolitan") for damages arising from a motor vehicle accident in Waterford, Connecticut on January 8, 1992. The plaintiff seeks damages for personal injuries, medical expenses, and loss of earning capacity.
Said motor vehicle accident occurred when the motor vehicle driven by the plaintiff collided with the motor vehicle driven by defendant Kombouzis. Count one contains allegations of negligence against defendant Kombouzis.
Count two contains the following allegations. On January 8, 1992, the plaintiff had a contract for automobile insurance with defendant Metropolitan under Policy No. 0403647250 ("policy"). The plaintiff's policy was in force on said date and provided coverage for uninsured and underinsured motorist benefits in the amount of $200,000.00 per person. At the time of said accident, defendant Kombouzis was an uninsured motorist and has been unable to compensate the plaintiff for his sustained damages. The plaintiff further alleges that the "injuries and losses sustained by the plaintiff . . . are the legal responsibility of [defendant Metropolitan], pursuant to the terms of its contract for insurance and in accordance with § 38a-336 of the Connecticut General Statutes."
On January 3, 1994, defendant Metropolitan filed an answer to the plaintiff's amended complaint along with the following special defenses: (1) comparative negligence; (2) set off or reduction for sums paid by anyone responsible for the plaintiff's alleged injuries; (3) set off or reduction for sums paid as basic or added reparations payments; and (4) the plaintiff's recovery cannot exceed the uninsured motorist limits of said policy, which is $100,000.00, less applicable set offs or reductions. On January 7, 1994, the plaintiff filed a reply to defendant Metropolitan's special defenses in which he denies the first and fourth special defense.
On April 22, 1994, the plaintiff filed a motion for declaratory judgment on the issue of uninsured motorist insurance coverage. The plaintiff filed a supporting memorandum of law. On June 7, 1994, defendant Metropolitan CT Page 7857 filed a cross-motion for declaratory judgment on this issue. Defendant Metropolitan also filed an supporting memorandum of law.
DISCUSSION
"The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." General Statutes § 52-29 (a). "`The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties.'" (Citations omitted.) St. Paul Fire Marine Ins.Co. v. Shernow, 22 Conn. App. 377, 380-81, 577 A.2d 1093
(1990). "There is no question that a declaratory judgment action is a suitable vehicle to test the rights and liabilities under an insurance policy." Id., 380, citingShelby Mutual Ins. Co. v. Williams, 152 Conn. 178-79,205 A.2d 372 (1964).
Uninsured motorist coverage applies where the legally responsible party to a motor vehicle accident has no automobile liability insurance. Simonette v. Great AmericanIns. Co., 165 Conn. 466, 472, 338 A.2d 453 (1973). "`Intra-policy stacking [of uninsured motorist coverage] is the aggregation of the limits of liability for uninsured-motorist coverage of each car covered in one policy. . . .'" AllstateIns. Co. v. Lenda, 34 Conn. App. 444, 448 n. 5, ___ A.2d ___ (1994), quoting Nationwide Ins. Co. v. Gode, 187 Conn. 386,389 n. 2, 446 A.2d 1059 (1982). There is a "`strong and unequivocal policy in favor of stacking' as reflected in [the Connecticut Supreme Court] decisions upholding the right of insureds to aggregate coverage."[1] (Citations omitted.) Kentv. Middlesex Mutual Assurance Co., 226 Conn. 427, 438-39,627 A.2d 1319 (1993).
Intra-policy stacking is "available when the insured has paid separate premiums for the [un]insured motorist coverage afforded to each vehicle." (Citations omitted.) Id., 432. The reason for this is that an insured who pays a double premium has a reasonable expectation of double coverage. Id.
[The Connecticut Supreme Court has] noted that CT Page 7858 `[t]his is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage to each of the described vehicles.' (Internal quotation marks omitted.) Cohn v. Aetna Ins. Co., [213 Conn. 525, 530, 569 A.2d 541 (1990)], quoting Nationwide Ins. Co. v. Gode, supra, 395. Moreover, once it has been established that an insurer is obligated to stack the [un]insured motorist coverage in the policy, as it is when separate, additional premiums have been paid for coverage on two vehicles, the insurer may not reduce its liability for such aggregated coverage even through explicit policy language, except within the narrow context of the exceptions permitted under the . . . Regulations of Connecticut State Agencies.
(Citations omitted; footnote omitted.) Kent v. MiddlesexMutual Assurance Co., supra, 433-34. Conversely, "a policyholder who insures two passenger vehicles under one policy but who pays a single premium for [un]insured motorist coverage [is not necessarily] entitled to aggregate coverage." Id., 437.
Thus, the right to aggregate uninsured motorist coverage, "is based upon the reasonable expectation of the parties." Id. The reasonable expectation of the parties to the insurance contract is "to be gleaned from the facts and circumstances of each case." Id.
Separate Premiums
The plaintiff argues that his policy identifies two motor vehicles and contains separate premiums for uninsured motorist coverage on each vehicle. The plaintiff argues that, in such instance, intra-policy stacking of uninsured motorist coverage is mandatory. The plaintiff accordingly seeks a declaratory judgment that he is entitled to $200,000.00 worth of uninsured motorist coverage under his policy.
Defendant Metropolitan argues that the policy contains a single premium for uninsured motorist benefits as to both of the plaintiff's motor vehicles. Defendant Metropolitan CT Page 7859 further argues that there is no intra-policy stacking where an insured pays a single premium for uninsured motorist coverage. Thus, defendant Metropolitan seeks a declaratory judgment that the plaintiff is entitled to $100,000.00 worth of uninsured motorist coverage under the policy.
Both parties submitted the declaration page of the policy. The policy covers two vehicles; vehicle one is a 1983, Mazda 626 and vehicle two is a 1988, Dodge Raider. The policy contains itemized premiums for each vehicle in connection with the following types of coverage: personal injury protection, liability, physical damage, and optional coverage. The plaintiff's uninsured motorists coverage policy limits are $100,000.00 per person and $300,000.00 per accident. Yet, unlike the previous coverage descriptions, the declaration page contains only one corresponding premium for uninsured motorist coverage as to both vehicles. The court finds that the plaintiff did not pay separate premiums for uninsured motorist coverage on each vehicle.
Express Provisions in the Policy Prohibiting Stacking
Defendant Metropolitan provided the plaintiff with a "NON-STACKING UNINSURED MOTORISTS COVERAGE ELECTION FORM." Said form contains the following information: "The cost [for the non-stacking option] is less because the coverage is less than the same level of `stacked' limits. Keep this in mind when you select your limits for Uninsured Motorists Coverage." Moreover, under the plaintiff's policy, the stacking of uninsured motorist coverage "is automatically provided . . . unless [the plaintiff selects] the Non-Stacking option." The plaintiff selected the following non-stacking option for his policy:
 I select the Non-stacking Uninsured Motorists, Coverage option. I have read and understood the explanation of Stacking and Non-Stacking options. I have selected my Uninsured Motorists limits with the full knowledge that they will not be stacked. I understand that this choice will apply to any subsequent renewal or replacement policy unless I notify Metropolitan in writing that I wish to change to the Stacking option.
The plaintiff argues that an insurer may not limit the CT Page 7860 stacking of uninsured motor benefits absent statutory authority. The plaintiff further argues that General Statutes § 38a-336 permits the stacking of uninsured motorist benefits even though there exists explicit language prohibiting such stacking in the insurance policy. Defendant Metropolitan argues against intra-policy stacking in the present case because the plaintiff's execution of the non-stacking uninsured motorist coverage option provides the parties with no objective expectation of stacking.
Uninsured motorist coverage may be stacked "despite language in the relevant insurance policy that purports explicitly to prohibit `stacking' of such coverage in the event that two automobiles are insured under the same policy." (Citations omitted; internal quotation marks omitted.) Kent v.Middlesex Mutual Assurance Co., supra, 436. This is the case, however, only when "the insured has paid a separate, additional premium for [un]insured motorist coverage." Id., 439. Because the plaintiff did not pay separate premiums for uninsured motorist coverage on each vehicle, defendant Metropolitan may prohibit the stacking of the plaintiff's uninsured motorist coverage under his policy.
The plaintiff further argues that, under General Statutes § 38-175c(a)(2), an insurer may not limit the stacking of uninsured motorist coverage. Yet "General Statutes (Rev. to 1989) § 38-175c does not require that an insurer aggregate the [un]insured motorist coverage provided in a policy covering two passenger vehicles if the insured has paid a single actuarially appropriate premium for the [un]insured motorist coverage and the policy expressly excludes stacked coverage." Id., 439-440. Because the plaintiff did not pay separate premiums for uninsured motorist coverage on each vehicle, the court is not persuaded by the plaintiff's argument that defendant Metropolitan is prohibited by statute from excluding the stacking of uninsured motorist coverage under the plaintiff's policy.
Plaintiff's Lower Premiums
Defendant Metropolitan argues that because the plaintiff elected the non-stacking uninsured motorist benefits option for his policy, the plaintiff obtained a lower premium. Thus, defendant Metropolitan argues that the plaintiff did not have an objective expectation of stacking his uninsured motorist CT Page 7861 coverage.
Defendant Metropolitan made the plaintiff aware of the lower cost of insurance when the non-stacking option for uninsured motorists coverage is selected. Moreover, defendant Metropolitan submitted an affidavit from Victor Cira ("Cira"), an Underwriting Administrator for defendant Metropolitan, in which Cira attests that "[t]he premium for uninsured motorist coverage was calculated for non-stacked coverage with a total limit of $100,000.00 per person for the policy." Cira further attests that if the plaintiff would have elected to stacking option, "his premium would have been approximately 37 percent higher than for the non-stacked coverage."
The Connecticut Supreme Court, in determining whether intra-policy stacking is consistent with the reasonable expectation of the parties, considered an insurer's calculations of premiums in connection with a policy's explicit exclusion of stacking. Kent v. Middlesex MutualAssurance Co., supra, 437 ("not only did the policy specifically exclude stacking, but the premium was calculated accordingly.") Therefore defendant Metropolitan's calculations of the plaintiff's premiums, based upon the plaintiff's election of the non-stacking option, supports a finding that the parties reasonably expected to exclude the stacking of the plaintiff's uninsured motorists coverage.
CONCLUSION
The court finds the following facts as true: the plaintiff, under his policy, pays a single actuarially appropriate premium for uninsured motorist coverage, the plaintiff's policy contains explicit language excluding stacking, and that defendant Metropolitan calculated the plaintiff's premiums for his policy based upon the plaintiff's election of the non-stacking option. Accordingly the court finds that the reasonable expectation of the parties to this insurance contract supports a conclusion against the intra-policy stacking of the plaintiff's uninsured motorist coverage. Therefore, the court enters a declaratory judgment that the plaintiff is entitled to $100,000.00 worth of uninsured motorist coverage under his insurance policy.
Hurley, J. CT Page 7862