[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On March 4, 1996, the plaintiff, Standard Fire Insurance Company (Standard Fire), filed a declaratory judgment action against the defendant, Michael Holder, seeking to determine its obligations under his Standard Fire Homeowner's Policy with regard to two pending lawsuits against him. The two pending lawsuits each contain counts alleging that the defendant negligently assaulted and/or intentionally assaulted two police officers during their attempt to arrest him for breach of peace. All the claims made in the two underlying lawsuits are contested by the defendant, and no evidentiary hearings or findings of fact have been made thus far. CT Page 10137
Specifically, the plaintiff's complaint seeks, inter alia, a declaration from the court that the defendant's claims are not covered by the terms of his homeowner's insurance policy; that the defendant is not entitled to any benefit from his homeowner's insurance policy; and that the plaintiff need not provide a defense to the defendant with respect to the two pending lawsuits.
On April 24, 1996, the defendant filed this motion to dismiss the plaintiff's complaint claiming: (1) the court lacks subject matter jurisdiction to hear the aforementioned action for declaratory relief before any evidentiary or factual findings have been made; (2) the plaintiff's reservation of rights letters contest liability only with regard to the intentional acts exclusion in its policy and indicate that the plaintiff must await a determination of its liability until after the courts adjudicate the underlying lawsuits; (3) there is no dispute as to the plaintiff's liability for damages alleged in the underlying lawsuits that were caused by negligence; (4) the plaintiff has the duty to defend its insured through conclusion of the underlying lawsuits; and (5) maintenance of this declaratory judgment action by the plaintiff creates an impermissible conflict of interest between the defense counsel provided by the plaintiff in the underlying lawsuits and the defendant.
It appears that the plaintiff has met the notice requirements of Practice Book § 390(d) and that the court has subject matter jurisdiction over the present suit for declaratory relief.England v. Coventry, 183 Conn. 362 (1991). Further, a declaratory judgment action is a suitable vehicle to test the rights and liabilities of an insurer under an insurance policy; St. PaulFire Marine Ins. Co. v. Shernow, 22 Conn. App. 377 (1990). Moreover, a declaratory judgment action is a proper vehicle too establish whether the insured's conduct is intentional and therefore not within the coverage afforded under the insured's policy without waiting for final determination of the pending lawsuits. Aetna Casualty Surety Co. v. Jones, 220 Conn. 285
(1991). Finally, there is no "impermissible conflict of interest" between the defense counsel provided by Plaintiff in the underlying suits and the defendant, since counsel representing plaintiff in the present action are completely different and separate from those involved in the underlying law suits.
In view of these conclusions it is unnecessary to consider the Plaintiff's further argument that some of defendant's claims CT Page 10138 should have been raised by a motion to strike rather than a motion to dismiss.
Motion to Dismiss is denied.
Jerry Wagner, Trial Judge Referee