[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION "PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT (# 108)
Factual and Procedural Background
In April of 1997, the plaintiff, Carissa Bonito, renewed with the defendant, Cambridge Mutual Fire Insurance Company (Cambridge), her home insurance policy. Section I of the policy limits Cambridge's liability to $95,000 for the house (Coverage A), $9,500 for accessory structures (Coverage B), $66,5000 for personal property (Coverage C) and $19,000 for Loss of Use (Coverage D). Bonito also contracted with Cambridge for supplemental insurance, entitled "Superior Home Guaranteed Repair or Replacement Cost Protection Endorsement" (replacement cost endorsement). On February 17, 1997, a fire destroyed Ms. Bonito's home.
In the course of settling the claim, a dispute arose between the parties regarding the operative effect of the replacement cost endorsement. Consequently, in February of 1999, Ms. Bonito filed a three-count complaint alleging breach of contract (count one) and negligence (count two) and further requesting declaratory relief (count three) On July 16, 1999, Ms. Bonito filed a motion for a declaratory judgment in which she requested that the court rule that the replacement cost endorsement proportionately increases (based on a percentage of the actual replacement cost of the dwelling — Coverage A) the defendant's liability limits under Coverages B, C and D. The motion was accompanied by a memorandum of law and exhibits. In response, on September 3, 1999, Cambridge filed a memorandum of CT Page 100 law in opposition to the plaintiff's motion.
For the reasons that follow, the plaintiff's motion for a declaratory judgment is denied.
Standard of Review
"The purpose of a declaratory judgment action . . . is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties." (Internal quotation marks omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 33, 653 A.2d 168
(1995). Declaratory judgment provides an appropriate procedural vehicle to test the rights and liabilities under an insurance policy." St. Paul Fire Marine Ins. Co. v. Shernow,22 Conn. App. 377, 380, 577 A.2d 1093 (1990).
Discussion
The plaintiff argues that the replacement cost endorsement not only increases the defendant's liability for Coverage A but also proportionately increases its liability for Coverages B, C and D. Cambridge counters that the language of the policy is unambiguous and that the replacement cost endorsement applies only to the dwelling (Coverage A).
"It is the function of the court to construe the provisions of the contract of insurance. . . . The interpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured. . . . A necessary predicate to this rule of construction, however, is a determination that the terms of the insurance policy are indeed ambiguous. . . . The fact that the parties advocate different meanings . . . does not necessitate a conclusion
The declarations page of the renewal policy states, in relevant part: "Supplemental Premium or Credits. Guaranteed Replacement or Repair Cost, H116, Coverage-A only $30.00" (Plaintiff's Memorandum, Exhibit 2)
The plaintiff argues that the plain language of the replacement CT Page 101 cost endorsement supports her interpretation, i.e., that the replacement cost endorsement increases the defendant's liability for the dwelling and, also, with respect to her current insurance claim, proportionately increases the defendant's liability for other structures, personal property and loss of use (Coverages B, C and D) Alternatively, the plaintiff argues that if the term "amounts" contained in the first sentence of the replacement cost endorsement and the phrase, "to adjust the premium and limits of liability for Coverages A, B, C and D" contained in subsection 2, do not support her "plain language" argument, they, at a minimum, render the replacement cost endorsement ambiguous and, therefore, the contract must be construed in her favor, particularly, she argues, because it was drafted by the defendant.
The court disagrees. The plain language of the contract does not support the plaintiff's interpretation and the court "will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."Springdale Donuts, Inc. v. Aetna Casualty Surety Co., supra,247 Conn. 809.
When read in context and viewed in its entirety, the replacement cost endorsement, specifically the substituted language of paragraph b. of the "Loss Settlement" provision, unequivocally indicates that the policy was intended to provide replacement cost insurance only for the plaintiff's dwelling (Coverage A).
Conclusion
Accordingly, the plaintiff's motion for declaratory judgment is hereby denied.
It is so ordered.
By the Court
Elaine GordonJudge of the Superior Court