[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#163) AND THIRD PARTY DEFENDANTS' CROSS MOTIONS FOR SUMMARY JUDGMENT (#165 AND #174)
This matter came before the court at short calendar on April 15, 2002, concerning motions for summary judgment. For the reasons stated below, the court grants, in part, the motion filed by the third-party defendant Allstate Insurance Company and denies the other motions.
 I. BACKGROUND
On April 10, 2000, the plaintiff, Melissa Hoffman, filed a four count amended complaint against the defendants, Thomas Mancini (Mancini) and Hoffman Ford, Inc. (Hoffman Ford). The complaint alleges that on January 18, 1998, Mancini, while driving an automobile owned by Hoffman Ford, struck the rear of the plaintiffs vehicle, causing her to suffer damages. The plaintiff alleges that the defendants were negligent (Amended Complaint, counts one and three) and reckless (Amended Complaint, counts two and four).
On August 16, 2000, Mancini filed a motion to implead Seaco Insurance Company (Seaco) and Allstate Insurance Company (Allstate) which was granted on September 5, 2000. Subsequently, on September 15, 2000, Mancini filed a third-party complaint against Seaco and Allstate alleging that they breached their duty to defend him in the underlying action (#130). Mancini alleges that he had permission from Michael Guinan (Guinan), who had permission from Hoffman Ford, to drive the vehicle involved in the accident. Seaco is Hoffman Ford's automobile insurance carrier and Guinan has an automobile liability policy with Allstate. In CT Page 8233 the second count, Mancini claims that Allstate has breached its duty to defend and indemnify Mancini. On May 14, 2001, Seaco filed a motion to implead Mancini's personal automobile insurance carrier, Worcester Insurance Company (Worcester), which was granted on May 29, 2001. Seaco filed a fourth-party complaint, dated June 6, 2001, against Worcester, alleging that Worcester or Allstate must defend and/or indemnify Mancini in the underlying action. On June 25, 2001, Allstate filed a cross-complaint against Worcester also alleging that Worcester or Seaco must defend and/or indemnify Mancini against the plaintiffs claims.
On November 1, 2001, Allstate moved for summary judgment (#163) on Mancini's third-party complaint and on its cross claim against Worcester on the ground that the Allstate policy issued to Guinan does not provide liability coverage for Mancini because he is not an "insured person" under the policy. Allstate submitted a memorandum of law in support of its motion and attached a copy of Mancini's responses to Allstate's Request for Admissions (Exhibit A) and a copy of the insurance policy issued to Guinan by Allstate (Exhibit B). On November 15, 2001, Mancini and Worcester filed an objection to Allstate's motion for summary judgment (#164).
In response to Allstate's motion, Seaco filed a cross motion for summary judgment (#165) on November 27, 2001, seeking a declaratory ruling that, as a matter of law, Allstate is obligated to defend and indemnify Mancini. In support of its cross motion, Seaco submitted a memorandum of law and copies of the repair bill from Hoffman Ford to Guinan (Exhibit 1); the temporary loan agreement between Hoffman Ford and Guinan (Exhibit 2); Allstate's responses to Seaco's requests to admit (Exhibit 3); the bodily injury provision of Guinan's policy with Allstate (Exhibit 4); the uncertified deposition testimony of Guinan (Exhibit 5); and a transcript of a conversation with Mancini dated February 11, 2000 (Exhibit 6).
On January 11, 2002, Allstate filed a reply to Mancini's and Worcester's objection to its motion (#166). On that same day, Allstate filed a reply memorandum in support of its motion and in opposition to Seaco's cross motion for summary judgment (#167). On January 16, 2002, Allstate filed a reply memorandum in support of its motion and in opposition to Seaco's cross motion (#169). In response, Seaco filed a reply memorandum in support of its cross motion on January 24, 2002 (#170). On January 22, 2002, Seaco filed a supplement to its cross motion for summary judgment including documents, namely, a complete copy of Guinan's policy issued by Allstate, a copy of the deposition testimony of Guinan and a transcript of a conversation with Mancini dated February 11, 2000, that were not included in the original motion (#171). CT Page 8234
On March 6, 2002, Mancini and Worcester filed an amended objection to Allstate's motion and moved for cross summary judgment seeking a declaratory ruling that Allstate has an obligation to defend and indemnify Mancini (#174). Mancini and Worcester also submitted a memorandum of law in support of their cross motion (#175). Allstate filed a reply memorandum in support of its motion and in opposition to Mancini's and Worcester's amended objection and cross motion for summary judgment (#173). Mancini and Worcester filed a reply memorandum on March 27, 2002 (#176). Allstate, on April 17, 2002, filed a sur reply memorandum in support of its motion for summary judgment (#177). Oral argument was heard on April 15, 2002.
 II. STANDARD OF REVIEW
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) H.O.R.S.E: ofConnecticut, Inc. v. Washington, 258 Conn. 553, 560, 783 A.2d 993
(2001). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
"The test is whether a party should be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment `is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of a any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that CT Page 8235 embodied in the verdict as directed.'" Morascini v. Commissioner ofPublic Safety, 236 Conn. 781, 808-09, 236 A.2d 1340 (1996).
 III. DISCUSSION A. Declaratory Relief
As a preliminary matter, the court will address Allstate's argument, raised in its reply to Seaco's objection to Allstate's motion for summary judgment, that Seaco's cross motion (#165) is procedurally defective. Allstate argues that Seaco has failed to assert an action against Allstate in its fourth party complaint against Worcester and, therefore, Seaco cannot obtain judgment as to Allstate's obligations. Seaco responds that its motion is procedurally proper because all of the insurance companies are parties to the action. Seaco suggests that if the court finds its motion is not procedurally correct, however, the court should stay the summary judgment proceedings so that Seaco can file a complaint against Allstate.
Seaco's motion for summary judgment asks the court to decide whether Allstate is obligated to defend Mancini in this action. In effect, this is a request for a declaratory judgment; See Messore v. Carbetta, Superior Court, judicial district of New Haven at New Haven, Docket No. 424315 (August 21, 2000, Thompson, J.) (28 Conn.L.Rptr. 80). "The court may address the merits of a declaratory judgment action upon a motion for summary judgment." (Internal quotation marks omitted.) Vitanza v. AmicaMutual Insurance, Co., et al., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 181090 (March 13, 2002, Downey, J.), citing United Oil Co. v. Urban Redevelopment Comm. of Stamford,158 Conn. 364, 378, 290 A.2d 596 (1969). "An action for declaratory judgment is a special proceeding. . . ." (Internal quotation marks omitted.) Wilson v. Kelley, 224 Conn. 110, 121, 617 A.2d 433 (1992). "The purpose of a declaratory judgment action is to secure an adjudication of rights where there is a substantial question in dispute or a substantial uncertainty of legal relations between the parties. . . ." (Internal quotation marks omitted.) Mannweiler v. LaFlamme, 232 Conn. 27, 33,653 A.2d 168 (1995).
"There is no question that a declaratory judgment is a suitable vehicle to test the rights and liabilities under an insurance policy." St. PaulFire Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 380-81, 577 A.2d (1990), aff'd, 222 Conn. 823, 610 A.2d 1281 (1992). Declaratory judgments have been used to determine whether an insurer has a duty to defend and indemnify its insured. See Holy Trinity Church of God in Christ v. AetnaCasualty Surety Co., 214 Conn. 216, 571 A.2d 107 (1990). CT Page 8236
Thus, Allstate's duty to defend and to indemnify Mancini could be appropriately raised in a declaratory judgment action brought by Seaco. Seaco's fourth party complaint is directed to Worcester, not to Allstate. The rules of practice require a party seeking a declaratory judgment to set forth "with precision" in its prayer for relief "the declaratory judgment desired. . . ." Practice Book § 17-56(a)(2). Nevertheless, there is authority to the effect that the court may tailor the relief because it is not limited by the issues joined or by the claims of counsel. Pequot Spring Water Co. v. Brunelle, 46 Conn. App. 187,196-97, cert. granted on other grounds, 243 Conn. 928, 701 A.2d 658
(1997).
Here, the prayer for relief set forth in Seaco's fourth party complaint (#156) does not request a declaration that Allstate is obligated to defend Mancini. However, this procedural issue is not dispositive. As discussed below, Allstate is not so obligated by the terms of its policy with Guinan.
 B. Coverage
Allstate asserts that, under the policy, the terms of which are not ambiguous, it is not obligated to defend Mancini in the underlying action. Specifically, Allstate argues that the definition of "insured persons" while using a non-owned vehicle only includes the policy holder and any resident relative. Thus, since Mancini does not fall into either of these two categories, Allstate asserts that he is not an insured person under Guinan's policy. (Allstate's Memorandum, Exhibit B., p. 5.)
Seaco, Mancini and Worcester, in their cross motions for summary judgment, contend that Mancini was driving an "insured auto" and, therefore, he is an "insured person" under the Allstate policy because he had permission from Guinan to drive the insured auto. They argue that the car involved in the alleged accident was a substitute vehicle which is an insured auto under the policy and, therefore, the definition of "insured person" is not limited to the policy holder or resident relatives. They also argue that if the court finds that the policy is ambiguous as to the definition of "insured persons," the court should construe the language in favor of coverage.
"Under Connecticut law, an insurer's duty to defend is broader than its duty to indemnify." Stamford Wallpaper Co. v. TIG Insurance, 138 F.3d 75,79 (2nd Cir. 1998). "[I]f an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured. . . . On the other hand, if the complaint alleges a liability which the policy does not cover, the insurer is not required to defend." (Citation omitted; internal quotation marks omitted.) Community ActionCT Page 8237for Greater Middlesex County, Inc., v. American Alliance Ins. Co.,254 Conn. 387, 399, 757 A.2d 1074 (2000). "The obligation of the insurer to defend does not depend on whether the injured party will successfully maintain a cause of action against the insured but on whether he has, in his complaint, stated facts which bring the injury within the coverage." (Internal quotation marks omitted.) Id., 398. "The existence of a duty to defend is determined-on the basis of what is found within the corners of the complaint. . . . Although the duty to defend is broad, however, it is circumscribed by the language of the insurance contract. The nature of the insurer's duty to defend is purely contractual. There is no common law duty as to which the courts are free to devise rules." (Citation omitted; internal quotation marks omitted.) Stamford Wallpaper Co. v. TIGInsurance, supra, 138 F.3d 19.
If the person named as a defendant in the underlying action is not actually an insured, there is no duty to defend, no matter what is alleged in the complaint in that action. An insurer is "under no contract duty to provide a defense for an uninsured stranger to the contract . . . simply because a third party had alleged facts which, if true, would have given [the defendant] the status of an insured." Keithan v.Massachusetts Bonding Ins. Co., 159 Conn. 128, 142, 267 A.2d 660
(1970).
"Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) Tallmadge Bros., Inc. v. Iroquois GasTransmission System, L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). Our Supreme Court reiterated, in Tallmadge, that "[a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Internal quotation marks omitted.) Id., 498.
"Contract language is unambiguous when it has a `definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion.'" Levine v. Advest, Inc., 244 Conn. 732, 746,714 A.2d 649 (1998). "The rules of construction are applied only if the language of the contract is ambiguous, uncertain or susceptible of more than one construction." Id.
Whether or not Allstate has a duty to defend must be ascertained from a comparison of the terms of the policy with the allegations made by Melissa Hoffman and by Mancini. See Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., supra, 254 Conn. 395. CT Page 8238 Melissa Hoffman alleges that Mancini was operating a motor vehicle owned by Hoffman Ford at the time it struck her vehicle. (Amended Complaint, ¶¶ 5-6 of all counts) She also alleges that Mancini was operating the vehicle with Hoffman Ford's permission. (Amended Complaint, third count, ¶ 14, fourth count, ¶ 15) In his complaint, Mancini alleges that Guinan temporarily borrowed the vehicle from Hoffman Ford and gave permission to Mancini to drive it. (Third-Party Complaint, count two, ¶ 7.) Mancini alleges that Guinan was insured by Allstate while using a non-owned auto and that Allstate is obligated to defend and indemnify Mancini in the plaintiffs action. (Third-Party Complaint, count two, ¶¶ 8, 9.)
The Allstate policy issued to Guinan states that "[w]e will defend an insured person sued as the result of a covered auto accident, even if the suit is groundless or false." (Allstate's Memorandum, Exhibit B, p. 4.) The policy also states that an insured person is:
1. While using your insured auto:
a) you,
b) any resident, and
c) any other person operating it with your permission.
2. While using a non-owned auto, utility auto, or high-mileage vehicle:
a) you, and
 b) any resident relative. This includes a minor residing in your household who is in your custody or that of a resident relative. (Allstate's Memorandum, Exhibit B, p. 5).
An insured auto is defined under the policy as "[a]ny auto described on the policy declarations. This includes the private passenger auto or utility auto you replace it with . . . [a]n additional private passenger auto or utility auto you become the owner of during the policy period . . . [a] substitute private passenger auto or utility auto, not owned by you or a resident, being temporarily used while your insured auto is being serviced or repaired or if your insured auto is stolen or destroyed . . . [a] non-owned auto, utility auto, or high-mileage vehicle used by you or a resident relative with the owner's permission . . . [and] [a] trailer while attached to an insured auto. . . ." (Allstate's Memorandum, Exhibit B, p. 5.)
Allstate argues that Mancini is not covered under the policy because he CT Page 8239 was driving a substitute auto at the time of the accident and, under the policy, that he was not the policy holder or a resident relative of the policy holder. Mancini, Worcester and Seaco assert that Mancini is covered under the policy because, with the insured's permission, he was driving a substitute vehicle, which is defined as an insured auto under the policy. The parties do not dispute that Mancini was not a blood relative of Guinan and that he was not living in the Guinan household at the time of the accident. (Allstate's Memorandum, Exhibit B, pp. 4, 5.) Further, the parties do not dispute that the Vehicle involved in the accident was not owned by Guinan, the policy holder. The only issue to be determined on the present motion is whether Mancini is an insured person under the policy because he was driving a "substitute private passenger auto" at the time of the accident.
The policy is not ambiguous as to the definition of an insured person with respect to an auto which is not owned by the policy holder. Clearly, for such a vehicle to be covered under the policy it must have been operated by either the policy holder or a resident relative. (See ¶ 2 under "Insured Persons.") Although under paragraph 3 of the "Insured Autos" provision Allstate lists a substitute private passenger auto as an insured auto, this coverage is available only if the policy holder or a resident relative is operating the substitute vehicle at the time of the accident. Thus, since Mancini was driving a vehicle which was not owned by Guinan, the policy holder, at the time of the accident, and since Mancini was not the policy holder or a resident relative of the policy holder, he is not an insured person under the policy.
The court is unpersuaded by the notion that a substitute private passenger auto is within the category of "your insured auto" (¶ 1 under "Insured Persons"). By definition, a substitute auto is one which is "not owned by you or a resident. . . ." (¶ 3 under "Insured Autos") In this context, the subject vehicle, which was not owned by Guinan, was not Guinan's "insured auto." Paragraph 3 clearly distinguishes such a substitute auto from "your insured auto"; rather, a substitute auto is one used "while your insured auto is being serviced or repaired or if your insured auto is stolen or destroyed." The terms "substitute private passenger auto" and "your insured auto" do not mean the same thing.
Likewise, the court is unpersuaded by Seaco's argument that such a substitute vehicle cannot be both "temporarily used" (¶ 3 under "Insured Autos") and "available or furnished for the regular use of an insured person." (¶ 4 under "Insured Autos.") (See Seaco's reply memorandum, #170, pp. 7-8.) Under paragraph 4, a "non-owned auto" cannot be an insured auto if it is available or furnished for an insured person's regular use. In contrast, paragraph 3, concerning a "substitute CT Page 8240 private passenger auto," does not so provide. There is nothing inconsistent or which flies in the face of common sense in the concept that an insured person may regularly use a substitute vehicle, even though it is on a temporary basis. Webster's Third New International Dictionary, at page 2353, defines "temporary" as meaning "lasting for a time only: existing for a limited time." During such a period, such as while his insured auto is "in the shop," an insured's use of a substitute vehicle may be regular in nature.
Accordingly, there is no genuine issue of material fact. Allstate had no obligation to defend or indemnify Mancini against the claims made by Melissa Hoffman arising from the accident of January 18, 1998.
While Allstate broadly requests summary judgment as to Mancini's third party complaint against Allstate and as to Allstate's cross-complaint against Worcester, it is important to note the limits of what parts of those pleadings are actually the subjects of the motion. Only the second count of Mancini's third party complaint is addressed to Allstate. Allstate is entitled to summary judgment as to that count only.
In its cross-complaint against Worcester, Allstate also seeks declaratory relief as to Worcester's obligations to defend and indemnify Mancini, and indemnity from Worcester for costs, attorneys fees, and other expenses incurred by Allstate. Neither the Worcester policy nor the Seaco policy is before the court. Worcester's alleged duties to defend and indemnify Mancini and to indemnify Allstate are not the subject of Allstate's motion. Accordingly, the court makes no determination as to Worcester's or Seaco's obligations.
Under the circumstances, Allstate is entitled to partial summary judgment as to its cross-claim against Worcester, concerning only paragraph 1 c of its prayer for relief that it has no obligation to defend or indemnify Mancini against the claims made by Melissa Hoffman in the underlying suit.
CONCLUSION
For the foregoing reasons, Allstate's motion for summary judgment is granted in part and Seaco's, Mancini's and Worcester's cross motions for summary judgment are denied. It is so ordered.
BY THE COURT
___________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT CT Page 8241