JACK A. HALPRIN, INC. *v.* HERMITAGE
INSURANCE COMPANY
(AC 19196)

O'Connell, C. J., and Hennessy and Zarella, Js.[1]

Argued February 22—officially released July 4, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*John J. Resnik,* with whom, on the brief, was *Emily Resnik Conn,* for the appellant (plaintiff).

*Jeff Gold,* with whom was *Robert P. Pagano,* for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff, Jack A. Halprin, Inc., appeals from the judgment of the trial court denying his claim for recovery for property damage under an insurance policy written by the defendant, Hermitage Insurance Company. The plaintiff claims that the court improperly (1) determined that an endorsement to the insurance policy did not create an exception to the general exclusions section of the policy and (2) failed to find that the insured had changed the size of the building where the damage occurred.[2] We disagree.

The court had before it the following facts. The plaintiff leased a building it owned in New Haven to Patrick Reilly and Golden Keys, Inc., doing business as Copa Cabana, a nightclub. The lessees, without permission from the plaintiff, removed a portion of the roof of the building, resulting in property damage that the plaintiff had to repair. The plaintiff sued the lessees and obtained a judgment in the amount of $102,783, which remains unsatisfied. Pursuant to General Statutes § 38a-321,[3] the

---

[2] Because we determine that the endorsement to the insurance policy does not create an exception to the exclusions section of the policy, it is not necessary to reach the issue of whether the property damage "changed the size of the building." We therefore decline to review the plaintiff's second claim.

[3] General Statutes § 38a-321 provides: "Each insurance company which issues a policy to any person, firm or corporation, insuring against loss or damage on account of the bodily injury or death by accident of any person, or damage to the property of any person, for which loss or damage such person, firm or corporation is legally responsible, shall, whenever a loss occurs under such policy, become absolutely liable, and the payment of such loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, damage or death occasioned by such casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation

plaintiff brought an action against the defendant, which insured Golden Keys, Inc. The defendant denied liability, stating that the property damage was not covered under the insurance policy. The court rendered judgment for the defendant, and this appeal followed.

" 'It is the function of the court to construe the provisions of the contract of insurance.' *Gottesman* v. *Aetna Ins. Co.*, 177 Conn. 631, 634, 418 A.2d 944 (1979). Our review of the trial court's decision of this issue is de novo. 'Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law for the court which this court reviews de novo.' . . . *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991)." *Flint* v. *Universal Machine Co.*, 238 Conn. 637, 642–43, 679 A.2d 929 (1996).

The plaintiff claims that the court improperly determined that an endorsement to the insurance policy did not create an exception to the general exclusions section of the policy. The plaintiff argues that while there is a provision in the policy excluding damage to property rented by the insured,[4] this exclusion must be read in

---

or annulment shall be void. Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."

[4] The insurance policy provides:

"BODILY INJURY LIABILITY

"PROPERTY DAMAGE LIABILITY

"I. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies . . .

conjunction with an amendment to the policy that carves out an exception to all the exclusions.[5] According to the plaintiff, this exception in the amendment states that coverage is not provided for structural alterations that do not involve changing the size of or moving buildings or other structures. In other words, coverage *is* provided for structural alterations that *do* involve changing the size of buildings. We disagree.

"A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494–95, 152 A.2d 316 (1959). "The court must interpret the insurance contract as a whole with all relevant provisions considered together." *Schultz* v. *Hartford Fire Ins. Co.*, 213 Conn. 696, 705, 569 A.2d 1131 (1990).

In its memorandum of decision, the court correctly pointed out that the plain language of that portion of the insurance policy titled "Liability Coverage" states

"This insurance does not apply: (k) to property damage to (1) property owned or occupied by or rented to the insured . . . ."

[5] The insurance policy provides:

"AMENDMENT—LIMITS OF LIABILITY

"Regardless of the number of (1) insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, or (3) claims made or suits brought on account of bodily injury or property damage, the company's liability is limited as follows . . . (b) . . . the total liability of the company for all damages because of all bodily injury and property damage . . . which is described in any of the numbered subparagraphs below shall not exceed the limit of liability stated in the Schedule of this endorsement as 'aggregate' . . . (2) all property damage arising out of and occurring in the course of operations performed for the named insured by independent contractors and general supervision thereof by the named insured, including any such property damage for which liability is assumed under any incidental contract relating to such operations, but this subparagraph (2) does not include property damage arising out of maintenance or repairs at premises owned by or rented to the named insured or structural alterations at such premises which do not involve changing the size of or moving buildings or other structures . . . ."

that the policy covers damage from bodily injury or property damage, and then lists certain exclusions from such coverage. Under the exclusions section, the policy provides that the insurance does not apply to property damage to property owned or occupied by or rented to the insured.[6] The court found that the judgment obtained by the plaintiff was for property damage to property occupied by and rented to the insured. The plaintiff does not dispute this fact.

The plaintiff, however, urged the court to construe the endorsement to the policy, titled "Amendment—Limits of Liability," as affecting the property damage exclusion. The court found that the endorsement does not pertain to that exclusion, but rather, only clarifies the treatment of multiple occurrences and the calculation of an aggregate limit. We agree. The language relied on by the plaintiff in the amended limits of liability section, which is the same wording as in the original policy, does not alter the exclusions set forth in the body of the policy. Rather, it indicates that under no circumstances will the limits of coverage be affected by damage caused by a contractor if the work at issue did not involve altering the size of the leased premises. Accordingly, we conclude that the court properly rendered judgment for the defendant, as the property damage at issue is excluded from coverage under the insurance policy.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] See footnote 3.