## MARIO MALLOZZI, JR. *v.* NATIONWIDE MUTUAL INSURANCE COMPANY
### (AC 21717)

Lavery, C. J., and Schaller and Hennessy, Js.

Argued June 10—officially released October 1, 2002

*Charles W. Fleischmann,* for the appellant (plaintiff).

*Charles E. Hickey,* for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Mario Mallozzi, Jr., appeals from the summary judgment rendered by the trial court in favor of the defendant, Nationwide Mutual Insurance Company. The court granted the defendant's motion for summary judgment after finding that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law because the automobile insurance policy at issue clearly and unambiguously did not provide the plaintiff coverage under the circumstances. On appeal, the plaintiff contends that the insurance contract at issue is ambiguous, and, therefore, the court improperly granted the defendant's motion for summary judgment. We agree with the trial court and conclude that the motion for summary judgment was properly granted. Accordingly, we affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant. On May 20, 1997, the plaintiff was involved in an automobile accident resulting in his being named a defendant in four civil actions that were brought by parties seeking monetary damages. The plaintiff was driving a pickup truck that was owned by Mallozzi Builders, Inc. (Mallozzi Builders).[1] The plaintiff thereafter brought this action seeking a declaratory judgment as to his rights to insurance coverage for his

[1] When the court heard argument on the defendant's motion for summary judgment, it was unclear whether the truck was owned by Mallozzi Builders or by the plaintiff's father, Mario Mallozzi, Sr. Because the parties agree that the policy does not afford coverage in the event of the latter, that issue of fact is immaterial.

potential and alleged liability resulting from the accident. The policy under which he sought coverage was a personal automobile policy issued by the defendant to the plaintiff's mother, Floria Mallozzi.

At the time of the accident, the plaintiff lived with his parents. The plaintiff's father, Mario Mallozzi, Sr., was employed by Mallozzi Builders. The truck was separately insured under a business automobile insurance policy, with a total liability limit of $500,000, also issued by the defendant.[2]

Floria Mallozzi's personal automobile policy provided liability coverage to the policyholder, the policyholder's resident spouse and resident relatives when driving a vehicle scheduled or listed in the insurance policy declarations. The truck was not a scheduled or listed vehicle. Under certain circumstances, however, the policy insures covered drivers while they are operating "other motor vehicles." The parties disagree as to the meaning of the provision detailing that coverage.

That provision states in relevant part that "coverage also applies to certain *other motor vehicles* as follows . . . . 3. A motor vehicle owned by a non-member of your household . . . . a) This applies only to policies issued to individual persons (not organizations) and while the vehicle is being used by you or a relative. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use. b) *This does not apply to losses involving a motor vehicle . . . (2) owned, rented or leased by an employer of an insured . . . .*" [3] (Emphasis added.)

---

[2] The defendant does not deny that coverage is available under the business automobile insurance policy.

[3] The entire provision regarding use of other motor vehicles is as follows:
"USE OF OTHER MOTOR VEHICLES

"This coverage also applies to certain other motor vehicles as follows:

"1. A motor vehicle you do not own, while it is used in place of your auto for a short time. Your auto must be out of use because of:

At the hearing on its motion for summary judgment and on appeal, the defendant claims that, pursuant to the clear language of that provision, the plaintiff is not covered by the personal automobile policy. It argues that this is so because, at the time of the accident, the plaintiff was driving a truck owned by Mallozzi Builders, which, while "a non-member" of the Mallozzi household, was the employer of Mario Mallozzi, Sr., "an insured" under the policy. The plaintiff, on the other hand, argues that this provision, read in conjunction with other policy language, is ambiguous and thus should be read to afford him coverage. We agree with the defendant that the policy clearly denies the plaintiff coverage under the circumstances.

"Our standard of review of a trial court's granting of summary judgment is well established. Pursuant to Practice Book § 17-49, summary judgment shall be ren-

"a) breakdown;

"b) repair;

"c) servicing; or

"d) loss.

"2. A four-wheel motor vehicle newly acquired by you. It applies only:

"a) during the first 30 days you own the vehicle unless it replaces your auto; and

"b) If you do not have other insurance. You must pay any premiums resulting from this coverage.

"3. A motor vehicle owned by a non-member of your household and not covered in item 1. of this section.

"a) This applies only to policies issued to individual persons (not organizations) and while the vehicle is being used by you or a relative. It protects the user, and any person or organization, except as noted below in b), who does not own the vehicle but is legally responsible for its use.

"b) This does not apply to losses involving a motor vehicle:

"(1) used in the business or occupation of you or a relative except a private passenger auto used by you, your chauffeur, or your household employee;

"(2) owned, rented or leased by an employer of an insured;

"(3) rented or leased by anyone for or on behalf of an employer of an insured; or

"(4) furnished to you or a relative for regular use. Furnished for regular use does not include a motor vehicle rented from a rental company for less than 28 days."

dered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Internal quotation marks omitted.) *Mytych* v. *May Dept. Stores Co.*, 260 Conn. 152, 158–59, 793 A.2d 1068 (2002).

In the present case, the plaintiff does not claim that there are genuine issues of material fact. Instead, he argues that summary judgment in favor of the defendant was inappropriate because the court improperly interpreted the insurance contract, as a matter of law, to disallow him coverage. Particularly, he claims that for various reasons, the provision at issue is ambiguous and therefore must be construed so as to afford him coverage. We disagree.

"It is the function of the court to construe the provisions of the contract of insurance. . . . Our review of the trial court's decision of this issue is de novo. Unlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law for the court which this court reviews de novo." (Citation omitted; internal quotation marks omitted.) *Bonito* v. *Cambridge Mutual Fire Ins. Co.*, 64 Conn. App. 487, 489, 780 A.2d 984, cert. denied, 258 Conn. 926, 783 A.2d 1028 (2001).

"Well established principles guide our interpretation of the policy. The [i]nterpretation of an insurance policy, like the interpretation of other written contracts, involves a determination of the intent of the parties as expressed by the language of the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as dis-

closed by the provisions of the policy. . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy. . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy. . . . *A necessary predicate to this rule of construction, however, is a determination that the terms of the insurance policy are indeed ambiguous.* . . . The fact that the parties advocate different meanings of the [insurance policy] does not necessitate a conclusion that the language is ambiguous." (Emphasis added; internal quotation marks omitted.) Id., 490.

The plaintiff argues first that the phrase "insured," as used in part 3 (b) (2) of the "use of other motor vehicles" provision, is ambiguous and therefore should not be read to include Mario Mallozzi, Sr., and thus to deny coverage on the ground that the plaintiff was driving a vehicle owned by the employer of an "insured." We are not convinced.

According to the definitions section of the policy, " 'INSURED' means one who is described as entitled to protection under each coverage." That section also provides that " 'YOU' and 'YOUR' mean the policyholder and spouse if living in the same household," and " 'RELATIVE' means one who regularly lives in your household and who is related to you by blood, marriage or adoption . . . .' " The policy's table of contents lists its four types of "coverages," one of which is "auto liability," which includes the "use of other motor vehicles" provision at issue.[4]

By its plain terms, the "use of other motor vehicles" provision extends coverage to certain other vehicles

---

[1] The other coverages are "physical damage," "family compensation," and "uninsured and underinsured motorists."

"while the vehicle is being used by you or a relative." Under the clear language of the definitions section, "you" means the policyholder, Floria Mallozzi, and her resident spouse, Mario Mallozzi, Sr., and "relative" includes her son, the plaintiff, who was living with his parents at the time of the accident. Those three individuals thus are described as entitled to protection under the auto liability coverage portion of the policy; therefore, pursuant to the definitions section of the policy, they all are "insureds."

The plaintiff asks us to disregard that clear terminology and instead to engage in a convoluted analysis on the basis of language in the family compensation coverage section of the policy to conclude that "insured," as used in the auto liability coverage section, is ambiguous. The family compensation provision cited by the plaintiff provides coverage for "persons other than you and a relative . . . [w]hile occupying your auto . . . ." The plaintiff argues, therefore, that "hypothetically, anyone else could be an insured" and that "[t]he constellation of persons who are 'any insured' is everyone." Consequently, he claims, there would never be any coverage for any of the Mallozzis while driving a "nonowned . . . automobile if the owner had any employees since any one of the employees could, like Mallozzi, Sr., be 'an insured' . . . ."

It is a well established principle of insurance law that "policy language will be construed as laymen would understand it . . . ." (Internal quotation marks omitted.) *Israel* v. *State Farm Mutual Automobile Ins. Co.*, 259 Conn. 503, 508, 789 A.2d 974 (2002). Further, the meaning of policy language ordinarily is drawn from the context in which it is used; *Peerless Ins. Co.* v. *Gonzalez*, 241 Conn. 476, 484–85, 697 A.2d 680 (1997); here, within the auto liability coverage section. As such, we cannot conclude that the language would convey to the average policyholder an expectation of coverage

on the basis of the reasoning now advanced by the plaintiff or even that a policyholder would find the applicable provision ambiguous. Although ambiguous provisions are construed in favor of insureds, "[t]here is no presumption that language in insurance contracts is inherently ambiguous. Only if the language manifests some ambiguity do we apply the rule that ambiguous insurance contracts are to be construed in favor of insureds and to provide coverage." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 545, 791 A.2d 489 (2002). We conclude that the plaintiff's argument is unreasonable and that, as used in the auto liability coverage section of the policy, "insured" unambiguously refers to Mario Mallozzi, Sr. Because the exclusion at issue applies when the nonowned automobile is owned by the employer of an insured, and because the pickup truck in this case was owned by the employer of Mario Mallozzi, Sr., the court properly found that the policy did not afford the plaintiff coverage.

The plaintiff also claims ambiguity in the word "an," as used in the phrase, "[coverage] does not apply to losses involving a motor vehicle . . . owned . . . by an employer of *an* insured." (Emphasis added.) The plaintiff argues that "an insured" means "the insured," rather than "any insured," and that "the insured" contemplates only the particular insured who is operating the vehicle at the time of the accident, in this case the plaintiff. Therefore, he claims, because it is not *the plaintiff's* employer that owned the truck, but that of a different insured, the exclusion is inapplicable. Again, we conclude that the phraseology used in the policy is not ambiguous.

Dictionaries identify "a" and "an" as "indefinite" articles and define "indefinite" as "not defining or identifying," "not precise" or "having no fixed limit or amount." See, e.g., Merriam-Webster Dictionary (3d Ed.

1974); see also American Heritage Dictionary of the English Language (New College Ed. 1981) ("indefinite article" is one "that does not fix or immediately fix the identity of the noun modified"); see also *Builders Service Corp.* v. *Planning & Zoning Commission*, 208 Conn. 267, 282, 545 A.2d 530 (1988) ("[i]n statutory construction, unlike the definite article 'the,' which particularizes the words it precedes and is a word of limitation, the indefinite article 'a' has an 'indefinite or generalizing force' "). Thus, as stated by the trial court, "an" means "any" and therefore, "the contract provides, clearly and unambiguously, that the exclusion extends generally to a vehicle of an employer of . . . any insured," in this case, to the truck owned by the employer of Mario Mallozzi, Sr., regardless of who was driving the truck.

This interpretation also is supported by the choice of language in part 3 (a) of the "use of other motor vehicles" section, which defines the coverage to which the exclusions of part 3 (b) apply. Part 3 (a) states that part 3 (b) "applies . . . while the vehicle is being used by you or a relative. It protects *the user* . . . ." (Emphasis added.) The choice of a different term in part 3 (b) (2), "an insured," rather than "the user," implies that a different, broader meaning was contemplated.

"A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) *Jack A. Halprin, Inc.* v. *Hermitage Ins. Co.*, 58 Conn. App. 598, 601, 753 A.2d 954 (2000). We agree that the phrase "an insured" clearly means "any insured" and that the court properly concluded that the exclusion at issue applied.

The plaintiff argues finally that the punctuation used in part 3 (a) of the "use of other motor vehicles" provi-

sion implies that the exceptions set forth in part 3 (b) are not intended to apply to "users" of vehicles such as the plaintiff. Part 3 (a) states in relevant part that coverage "applies . . . while the vehicle is being used by you or a relative. It protects the user, *and any person or organization*, except as noted below in b), who does not own the vehicle but is legally responsible for its use." (Emphasis added.) The plaintiff claims that the limiting clause, "except as noted below in b)," modifies only the immediately preceding phrase, "any person or organization," and does not modify "the user," meaning the plaintiff. We are not convinced because it is clear from the format of part three[5] and, more obviously, from the actual content of the exceptions listed in part 3 (b), which contemplate various uses of nonowned vehicles by the policyholder or the policyholder's family members, i.e., *users*, that the interpretation suggested by the plaintiff is untenable.[6] As conceded by the plaintiff, "punctuation is not to be permitted to control meaning [in an insurance policy] where the text is clear . . . ." *Travelers Indemnity Co.* v. *Pray*, 204 F.2d 821, 824 (6th Cir. 1953).

Because there were no genuine issues of material fact and because the insurance policy provision at issue clearly operated to disallow coverage to the plaintiff while he was driving a vehicle owned by his father's employer, we conclude that the court properly rendered summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The listing of exceptions in part 3 (b) rather than in a separate part four imply that they are intended to apply to the coverage as extended in part 3 (a).

[6] Furthermore, it is not clear that the punctuation used in part 3 (a) is suggestive of the meaning submitted by the plaintiff. See, e.g., *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 190, 592 A.2d 912 (1991) ("where a qualifying phrase is separated from several phrases preceding it by means of a comma, one may infer that the qualifying phrase is intended to apply to all its antecedents, not only the one immediately preceding it").